1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT EPPS,                              No.  2:14-cv-1347 MCE AC P

12                  Plaintiff,

13        v.                                   ORDER and

14   CSP SACRAMENTO, et al.,                   FINDINGS AND RECOMMENDATIONS

15                  Defendants.

16

17        I.      Introduction

18        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights

19   action filed pursuant to 42 U.S.C. § 1983.  This action proceeds on plaintiff's First Amended

20   Complaint (FAC), filed July 17, 2014.  See ECF No. 24.  Presently pending is defendants' motion

21   to dismiss this action based on plaintiff's concession on the face of the FAC that he did not

22   exhaust his administrative remedies.  See ECF No. 33.  Also pending are defendants' motion to

23   strike plaintiff's surreplies, ECF No. 43; plaintiff's motion to compel discovery, ECF No. 32; and

24   plaintiff's motion for appointment of counsel, ECF No. 42.  For the reasons that follow, this court

25   denies plaintiff's motions to compel and for appointment of counsel; grants in part defendants'

26   motion to strike; and recommends denial of defendants' motion to dismiss.

27   ////

28

1      II.      Background

2          By order filed October 24, 2014, this court found upon screening the FAC, pursuant to 28

3    U.S.C. § 1915A, that the FAC states potentially cognizable Eighth Amendment claims against

4    California State Prison Sacramento (CSP-SAC) Correctional Officers Deleon and Sakyi and two

5    unnamed officers.  See ECF No. 9 at 4.  This finding was based on the following allegations of

6    the FAC, ECF No. 24 at 3 (sic):

7
          On 10-19-10 I was transported from one unit to the next on a
          stretcher when I arrived four officers pulled me out of the stretcher
8         and started draging me causing my foot to be cut open.  I collapsed
          they put me in a wheelchair took me to a cell tied me to a retintion
9         chain twisted my arm while it was thru the food port leaving a cut
          on it and punching me in the face.  All of this happened while my
10        pelvis was fractured.

11   Plaintiff noted on the form portion of complaint that he had filed an administrative grievance

12   related to the facts of this case, but that the process had not been completed.[1]  See ECF No. 24 at

13   2.

14         On March 17, 2015, plaintiff filed a one-page letter addressed to the court which states in

15   pertinent part, ECF No. 31 at 1:

16
          [A]bout administrative remedies I filed a 602 after I was released
          from medical and I never got a response.  I sent in a letter trying to
17        get something and I got a letter that really didn't say much instead
          of (sic) the appeal.
18

19   The letter also states that plaintiff "sent a letter to the warden at CSP SAC asking for the names of

20   the two unknown deffendants (sic) and I haven't got a response yet.  The letter was sent on 2-12-

21   15."  Id.

22   [1]  Plaintiff made the same notation in his original complaint.  See ECF No. 1 at 2.  However, the
     allegations of plaintiff's original complaint were different.  The original complaint named only
23   "CSP Sacramento," and was entitled "Deliberate Indifference[:]  It took medical 72 hours to
     diagnose and treat my fractured pelvis."  Id. at 1.  On screening, the court found, see ECF No. 9 at
24   3-4, that the following allegations of the original complaint did not state a cognizable claim, ECF
     No. 1 at 3 (sic):
25

26        On 10-17-10 I was involved in an incident.  When the COs got
          there an inmate was on top of me with his hands around my neck.
27        The RN in the ER noticed abbrasions (sic) on my left hip.  I
          couldn't get up and walk on my own and I kept complaining about
28        pain in my pelvis.

2

1     On April 2, 2015, plaintiff filed another one-page letter which states in pertinent part that

2  plaintiff wrote to the Office of the California Attorney General (AG), asking for the names of the

3  two unknown defendants, and was informed that upon proper service of the operative complaint

4  the AG would review plaintiff's central file and unit health record.  ECF No. 32.  The Clerk of

5  Court construed this letter a motion to compel discovery.  See id. (docket entry).

6     Thereafter, on April 13, 2015, defendants filed the instant motion to dismiss this action,

7  see ECF No. 33, and filed an opposition to plaintiff's motion to compel, see ECF No. 34.

8  Defendants contend that plaintiff's motion to compel discovery was prematurely filed because

9  discovery has not yet opened in this case, and plaintiff did not serve a formal discovery request

10  prior to filing the motion.  ECF No. 34.  Attached to defendants' opposition is a copy of a March

11  26, 2014 letter from plaintiff to the AG, which asks in full, "Can you please provide the names of

12  the two unknown deffendants (sic).  I've tried in the past but I never got a response."  ECF No. 34

13  at 5.

14     In support of their motion to dismiss, defendants contend that this action is barred by

15  plaintiff's concession, on the form portion of the FAC, that he failed to exhaust his administrative

16  grievance despite there being "a grievance procedure available at [his] institution," ECF No. 24 at

17  2.  See ECF No. 33.

18     In opposition to defendants' motion, plaintiff asserts in pertinent part, ECF No. 36 at 1

19  (sic):

20

21

22

> In December of 2010 I filed a 602 to K.A. Daly the appeals
> coordinator but I never got a respone wich is shown on the face of
> the amended complaint.  [¶]  On papers that I got from the prison
> law office it states when fileing a civil lawsuit thus prisoners should
> file a 602 or at least try to wich is what I did.

23     Defendants filed a reply in which they assert that "[p]laintiff apparently asserts the new

24  claim that administrative remedies were unavailable.  But, Plaintiff did not assert this in his

25  amended complaint.  Further, by Plaintiff's own admission, he did not timely submit a

26  grievance."  ECF No. 37 at 1.  Defendants further contend that "[e]ven if the Court were to credit

27  Plaintiff's statements made in his opposition, his failure to properly exhaust remains clear"

28  because plaintiff untimely submitted his grievance.  Id. at 2.  Defendants explain, id.:

3

1

2

3

4

5

> In 2010, inmates were required to submit an appeal within fifteen working days of the incident being grieved. Cal. Code Regs. tit. 15, § 3084.6(c) (2009 rev.).  Plaintiff's alleged injury occurred on October 19, 2010.  Amd. Compl., ECF No. 24 at 3.  Thus, Plaintiff was required to submit an appeal by November 9, 2010 at the latest.  In his opposition to Defendants' motion, Plaintiff states that he did not submit a grievance regarding the incident until December 2010.  Opp'n, ECF No. 36 at 1.  Accordingly, by any measure, his grievance was not timely filed.

6   Thereafter, plaintiff filed two letters, appropriately construed by defendants as surreplies,

7   which defendants move to strike.[2]  However, plaintiff's first surreply contains a new argument

8   relevant to the motion to dismiss which the court has considered.  It provides in pertinent part,

9   ECF No. 40 at 1 (sic):

10

11

12

13

14

> I did timely submit my grievance because I wasn't released from San Joaquin Hospital until the next week and I was in CSP SAC CTC [Correctional Treatment Center] for a few weeks after that.  I was also placed in AD-SEG where it takes time to get a pen and 602 and U Save Em envelope to even file the grievance, wich aren't passed out until Sunday.  I turned in the 602 on 12-9-10 it was sent back to me on 12-15-10 saying that it had to be placed in a U Save Em envelope to get a log number wich I did and sent it back in.

15   However, plaintiff's second surreply, ECF No. 41, contains no new information and is therefore

16   disregarded.  Therefore, defendants' motion to strike, ECF No. 43, is denied in part and granted in

17   part.[3]

18   Thereafter, plaintiff filed a third letter, which the Clerk of Court has construed as motion

19   for appointment of counsel.  That letter provides in full, ECF No. 42 (sic):

20

21

22

> At the time of the incident I was <u>Keheya</u>,[4] EOP, on an injection every two weeks, on oral medications I hear voices and see things and I have auditorial hallussinations.  None of this has changed I'm still on it.  I feel like someone should have helped me exhaust my

23

24

25

26

27

28

[2]  While the Local Rules provide for a motion, an opposition, and a reply, <u>see</u> E.D. Cal. L. R. 230(b)-(d), neither the Local Rules nor the Federal Rules provide for the filing of a surreply.  The court did not request a surreply in this action, and the filings contain no new arguments essential to the determination of defendants' motion.  Therefore, petitioner's surreply is disregarded.

[3]  In response to defendants' motion to strike, plaintiff informed the court that he would address the surreply question "once I make it over to the law library," and that the AG had instructed him to "start corresponding with the inspector general."  ECF No. 44 at 1.

[4]  <u>See</u> <u>Keyhea v. Rushen</u>, 178 Cal. App. 3d 526 (1st Dist. 1986) (authorizing involuntary administration of psychotropic medications to prisoners pursuant to appropriate procedural protections).

4

1

2

3

> administrative remedies.  If I have to go trial I don't see myself going pro per and I would like to be apointed  counsel.  I've try to kill myself 4 times and I've been to DSH 4 times.  [¶]  P.S. I was just sent to the crisis bed in CMC.

4    Thereafter, plaintiff filed four notices of change of address indicating that he had been

5  repeatedly transferred among correctional institutions.  When plaintiff commenced this action in

6  June 2014, he was incarcerated at the California Health Care Facility (CHCF) in Stockton.  See

7  ECF No. 1 at 1.  Shortly thereafter he was moved to Kern Valley State Prison (KVSP) in Delano.

8  See ECF Nos. 5, 38.  In July 2015, plaintiff notified the court that he had been transferred back to

9  CHCF, then transferred back to KVSP.  See ECF Nos. 45-6.  In August and September 2015,

10  plaintiff informed the court that he was incarcerated that the California Men's Colony (CMC) in

11  San Luis Obispo.  See ECF No. 47-8.  However, this court's review of the Inmate Locator

12  website operated by the California Department of Corrections and Rehabilitation indicates that

13  plaintiff is currently incarcerated at the CHCF.[5]

14    III.    Legal Standards for Dismissal for Failure to Exhaust Administrative Remedies

15    The Prison Litigation Reform Act of 1995 (PLRA) mandates that "[n]o action shall be

16  brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a

17  prisoner confined in any jail, prison, or other correctional facility until such administrative

18  remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Although "the PLRA's

19  exhaustion requirement applies to all inmate suits about prison life," Porter v. Nussle, 534 U.S.

20  516, 532 (2002), the requirement for exhaustion under the PLRA is not absolute.  See Albino v.

21  Baca, 697 F.3d 1023, 1030–31 (9th Cir. 2012).  As explicitly stated in the statute, "[t]he PLRA

22  requires that an inmate exhaust only those administrative remedies 'as are available.'"  Sapp v.

23  Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010) (quoting 42 U.S.C. § 1997e(a)) (administrative

24  remedies plainly unavailable if grievance was screened out for improper reasons); see also Nunez

25  v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010) ("Remedies that rational inmates cannot be

26

---

27  [5]  See http://inmatelocator.cdcr.ca.gov/search.aspx.  See also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy

28  cannot reasonably be questioned).

1   expected to use are not capable of accomplishing their purposes and so are not available."). "We

2   have recognized that the PLRA therefore does not require exhaustion when circumstances render

3   administrative remedies 'effectively unavailable.'" Sapp, 623 F.3d at 822 (citing Nunez, 591

4   F.3d at 1226); accord Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) ("The obligation to

5   exhaust 'available' remedies persists as long as some remedy remains 'available.' Once that is no

6   longer the case, then there are no 'remedies . . . available,' and the prisoner need not further

7   pursue the grievance.").

8          Dismissal of a prisoner civil rights action for failure to exhaust administrative remedies

9   must generally be brought and decided pursuant to a motion for summary judgment under Rule

10  56, Federal Rules of Civil Procedure. Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc).

11  Defendant bears the burden of proving that there was an available administrative remedy that the

12  prisoner did not exhaust it. Id. at 1172. If defendant meets this burden, then the burden shifts to

13  plaintiff to "come forward with evidence showing that there is something in his particular case

14  that made the existing and generally available administrative remedies effectively unavailable to

15  him." Id. In adjudicating summary judgment on the issue of exhaustion, the court must view all

16  the facts in the record in the light most favorable to plaintiff. Id. at 1173.

17         However, a motion for summary judgment is unnecessary "[i]n the rare event that a failure

18  to exhaust is clear on the face of the complaint, [when] a defendant may move for dismissal under

19  Rule 12(b)(6)." Albino, 747 F.3d at 1166 (overruling Wyatt v. Terhune, 315 F.3d 1108, 1119

20  (9th Cir. 2003), insofar as it held that failure to exhaust should be raised by defendants as an

21  "unenumerated Rule 12(b) motion.").

22         To survive a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, a

23  complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

24  is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic

25  Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court must accept as true the allegations of

26  the complaint, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and

27  construe the pleading in the light most favorable to plaintiff, Jenkins v. McKeithen, 395 U.S. 411,

28  421, reh'g denied, 396 U.S. 869 (1969). Pro se pleadings are held to a less stringent standard than

1    those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

2         The court may consider facts established by exhibits attached to the complaint.  Durning

3    v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts

4    that may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th

5    Cir. 1987); and matters of public record, including pleadings, orders, and similar papers filed with

6    the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).

7         IV.    Discussion

8         Construing the pertinent allegations of the FAC in the light most favorable to plaintiff, and

9    with reference to the substance of plaintiff's opposition and surreply, the court is unable to

10   conclude that plaintiff's failure to exhaust his administrative remedies was not due to the effective

11   unavailability of those remedies.

12        There is support for plaintiff's argument that his failure to timely submit his initial

13   grievance may be excused because the appropriate forms for submitting a grievance were not

14   timely made available to him.  In Marella v. Terhune, 568 F.3d 1024 (9th Cir. 2009) (per curiam),

15   the Court of Appeals reversed the district court's dismissal of a prisoner case for failure to

16   exhaust administrative remedies in part because the inmate did not have access to the necessary

17   grievance forms within the prison's time limits.  The plaintiff in Marella contended that he was

18   unable to acquire and complete a grievance within 15 days after his alleged assault (he submitted

19   his grievance 33 days thereafter) because he initially spent two days in the hospital, was then

20   moved to the infirmary, and then placed in administrative segregation.  His appeal was then

21   rejected by prison officials as untimely at the first formal level of review.  The Court of Appeals,

22   relying on CDCR's pertinent regulations,[6] held that plaintiff's failure to timely submit his

23   ─────────────────

[6] The Court of Appeals summarized these regulations as follows, Marella, 568 F.3d at 1027:

24
25        The California Code of Regulations provides that an inmate must
          submit an appeal within fifteen working days of the event or
26        decision being appealed, but the appeals coordinator is only
          permitted to reject an appeal if "[t]ime limits for submitting the
27        appeal are exceeded *and* the appellant had the opportunity to file
          within the prescribed time constraints." Cal. Code Regs. tit. 15 §§
28        3084.6(c)  and  3084.3(c)(6)  (emphasis  added).  The  California
          Department of Corrections and Rehabilitation Operating Manual

1    grievance should not defeat his claim if plaintiff did not have access to the necessary form and the

2    ability to complete and timely submit it.  The case was remanded to the district court to make

3    "factual findings as to whether Marella had access to the necessary forms and whether he had the

4    ability to file during his stay in the hospital and prison infirmary, or during the administrative

5    lockdown." Id. at 1027.  Accord, Millner v. Biter, 2016 WL 110425, at *6-7, 2016 U.S. Dist.

6    LEXIS 3213 (E.D. Cal. Jan. 11, 2016) (Case No. 1:13-cv-02029 AWI SAB P) (recommending

7    denial of defendants; motion for summary judgment subject to an evidentiary hearing to

8    determine whether the administrative grievance process was available to plaintiff during his

9    placement in a mental health crisis bed, suicide watch, and subsequent recovery; and, if so,

10   whether filed an untimely grievance and received no response); see also Sapp, supra, 623 F.3d at

11   822 (citing with approval decisions in the Seventh and Eighth Circuits which have held "that

12   administrative remedies are not 'available,' and exhaustion is therefore not required, where prison

13   officials refuse to give a prisoner the forms necessary to file an administrative grievance." (citing

14   Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004), and Miller v. Norris, 247 F.3d 736, 738, 740

15   (8th Cir. 2001)).

16        In the present case, the FAC asserts that "[i]In December of 2010 I filed a 602 to K.A.

17   Daly the appeals coordinator but I never got a respon[s]e."  ECF No. 36 at 1.  In his surreply

18   reviewed by this court, plaintiff contends that, following his alleged injury, he was hospitalized

19   "until the next week;" then placed in CSP-SAC's "CTC" for a "few weeks;" then placed in

20   administrative segregation where plaintiff was unable to obtain all the appropriate materials "until

21   Sunday."  ECF No. 40 at 1.  Plaintiff also states that, at the time of his injury, he was receiving

22   involuntary psychotropic medications to treat visual and auditory hallucinations.  See ECF No.

23   42.  Plaintiff explains that, while in administrative segregation, he initially submitted his

24   grievance on December 9, 2010, but that it was "sent back to me on 12-15-10 saying that it had to

25

26        directs the appeals coordinator to "ensure that the inmate or parolee
          had, in fact, the opportunity to file in a timely manner." Section
          54100.8.1. Thus, the prison's regulations explicitly create an
27        exception to the timely filing requirement. If Marella was unable to
          file within the fifteen-day filing period, his failure to file timely
28        does not defeat his claim.

8

1  be placed in a U Save Em envelope to get a log number w[h]ich I did and sent it back in." Id.

2  Plaintiff alleges that he received no response.  These allegations indicate that there are factual

3  matters beyond the FAC which must be resolved before the court can determine whether

4  administrative remedies were "effectively unavailable" to plaintiff during the relevant period.

5  The necessary assessment cannot be made on a motion to dismiss but may be further developed

6  and resolved on a motion for summary judgment.

7         Further, if plaintiff can demonstrate that he was unable, due to no fault of his own, to

8  timely submit his grievance, then the court must next determine whether the failure of prison

9  officials to respond to his grievance was based on acceptable reasons.  See Sapp, supra, 623 F.3d

10  at 824 (when prison officials decline to reach the merits of a grievance "for reasons inconsistent

11  with or unsupported by applicable "regulations," administrative remedies were "effectively

12  unavailable."); see also, id. at 822 (citing with approval Dole v. Chandler, 438 F.3d 804, 809, 811

13  (7th Cir. 2006), which holds that "prison officials' failure to respond to a properly filed grievance

14  makes remedies 'unavailable' and therefore excuses a failure to exhaust."); accord, Nunez, supra,

15  591 F.3d at 1224-26 (plaintiff excused from exhausting administrative remedies where he took

16  "reasonable steps" to exhaust his claim but was precluded from exhausting because of an official

17  mistake).

18         For these many reasons, this court finds that this is not the "rare event" when failure to

19  exhaust is clear on the face of the complaint.  See Albino, 747 F.3d at 1166.  Although plaintiff

20  has not shown that administrative remedies were "effectively unavailable" to him during the

21  relevant period, he has demonstrated that this as an issue that should be addressed on a fuller

22  record at summary judgment.  Therefore, defendants' motion to dismiss should be denied without

23  prejudice to filing a motion for summary judgment on the same matter.

24         V.  Plaintiff's Motions to Compel Discovery and for Appointment of Counsel

25         Plaintiff's motion to compel discovery is premature because discovery has not yet opened

26  in this case.  Moreover, plaintiff is informed that, once discovery commences, he must serve his

27  formal discovery requests directly on defendants without involving the court (unless, after

28  seeking informal resolution of any discovery dispute, plaintiff in good faith believes that

9

1    defendants are not being forthcoming).  Therefore, plaintiff's motion to compel discovery, ECF

2    No. 32, is denied.

3         Finally, plaintiff moves for appointment of counsel on the ground that he is mentally ill

4    and suicidal; that he is receiving involuntary psychotropic medications; that he "feel[s] someone

5    should have helped me exhaust my administrative remidies (sic);" and because if he has "to go to

6    trial I don't see myself going pro per."  ECF No. 42.

7         This court is without authority to require counsel to represent indigent plaintiffs in Section

8    1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  Only in certain

9    exceptional circumstances may the court request that a specific attorney voluntarily represent

10    such plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

11    1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In making this

12    assessment, the court must consider plaintiff's likelihood of success on the merits of his action as

13    well as plaintiff's ability to articulate his claims pro se in light of the complexity of the legal

14    issues involved.  See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).  Plaintiff bears the

15    burden of demonstrating exceptional circumstances.  Circumstances common to most prisoners,

16    such as lack of legal education and limited law library access, do not establish exceptional

17    circumstances warranting the appointment of voluntary counsel.  Id.

18         In the present case the court finds, at this time, that plaintiff has not met his burden.  The

19    merits of plaintiff's claims (moreover the precise contours of plaintiff's claims, see n.1, supra)

20    remain unclear, and may be resolved if a copy of plaintiff's original administrative grievance can

21    be located.  The court has found that the FAC states potentially cognizable Eighth Amendment

22    claims for excessive force against defendants Deleon and Sakyi based on plaintiff's allegations

23    that, despite his pelvis fracture, defendants and others pulled plaintiff out of a stretcher, dragged

24    him, twisted his arm and punched him in the face.  In light of plaintiff's failure to exhaust his

25    administrative remedies, these allegations have not yet been sufficiently developed to conclude

26    that plaintiff is likely to succeed on the merits of his claims.  Only upon further development of

27    this case can the court assess plaintiff's ability to articulate his claims pro se in light of the

28    complexity of the legal issues involved.  See Palmer, supra, 560 F.3d at 970.  Accordingly,

1    plaintiff's request for appointment of counsel will be denied without prejudice at the present time.

2       VI.  Conclusion

3       For the foregoing reasons, IT IS HEREBY ORDERED that:

4       1.  Defendants' motion to strike, ECF No. 43, is granted in part and denied in part.

5       2.  Plaintiff's motion to compel discovery, ECF No. 32, is denied as premature.

6       3.  Plaintiff's motion for appointment of counsel, ECF No. 42, is denied without

7          prejudice.

8       Further, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss, ECF No.

9    33, be denied without prejudice to the filing of a motion for summary judgment on the same

10   matter after fuller development of the record.

11       These findings and recommendations are submitted to the United States District Judge

12   assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

13   after being served with these findings and recommendations, any party may file written

14   objections with the court and serve a copy on all parties. Such a document should be captioned

15   "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that

16   failure to file objections within the specified time may waive the right to appeal the District

17   Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18   DATED: January 19, 2016

19                            ALLISON CLAIRE

20                            UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28